<u>NOT FOR PUBLICATION</u>

### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| BRENT WEBBER, | Civil Action No. 26-3003 (SDW) (MAH) |
| Plaintiff, | |
| v. | **WHEREAS OPINION & ORDER** |
| SAG-AFTRA, SEAN ASTIN, | July 8, 2026 |
| Defendants. | |

**WIGENTON**, District Judge.

 **THIS MATTER** having come before this Court upon *pro se* Plaintiff Brent Webber's ("Plaintiff" or "Webber") Emergency Motion to Vacate, (D.E. 42 ("Motion")), this Court's June 9, 2026 Order, (D.E. 41). This opinion and order are issued without oral argument pursuant to Rule 78; and

 **WHEREAS** this matter was removed to this Court by Defendants SAG-AFTRA and Sean Astin (collectively, "Defendants") from the New Jersey Superior Court, Hudson County on March 24, 2026. (D.E. 1.) Along with their Notice of Removal ("NOR"), Defendants included the following documents: the state court complaint and two agreements executed by both parties. (D.E. 1-2, Ex. A ("State Court Compl."); 1-3, Ex. B ("Adherence Letter"); 1-4 ("Collective Bargaining Agreement" or "CBA")); and

 **WHEREAS** one day after removal, Plaintiff filed an Amended Complaint. (D.E. 8.) Upon comparing the initial and Amended Complaints, the legal claims asserted by Plaintiff are identical. (*Compare* D.E. 1-1 at 43–62 (asserting claims for conversion, fraud in the factum and in the

1

inducement, promissory and equitable estoppel, tortious interference with contract and prospective economic advantage, fraudulent inducement, intentional infliction of emotional distress, unjust enrichment, breach of the implied covenant of good faith and fair dealing, accounting, and injunctive relief), *with* D.E. 8 at 42–63 (same).)  In essence, Plaintiff avers that his position as production company B0X Romcom LLC's ("B0X") representative entitles him to recover the $30,585.14 tendered to SAG-AFTRA; and

**WHEREAS** on March 27, 2026, Plaintiff filed a Motion to Remand ("MTR") pursuant to 28 U.S.C. § 1447(c).  (D.E. 13.)  Consistent with 28 U.S.C. § 636, the undersigned referred the MTR to the Honorable Michael A. Hammer, U.S.M.J. ("Judge Hammer").  On May 21, 2026, Judge Hammer issued a Report and Recommendation, (D.E. 36 ("R&R")), denying Plaintiff's MTR upon determining that Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185, completely pre-empts Plaintiff's claim and confers subject-matter jurisdiction upon this Court.  (R&R at 12.)  Objections to the R&R were due by June 4, 2026.  (D.E. 36); and

**WHEREAS** on June 9, 2026, the undersigned adopted Judge Hammer's R&R as the conclusions of law of this Court, noting no objections were filed.  (D.E. 41.)  On June 16, 2026, Plaintiff's objections—submitted via the Alternative Document Submission[1] ("ADS") system— were docketed.  (D.E. 44.)  However, the submission is dated June 4, 2026.  Plaintiff further supplemented his submission on June 12, 2026.  (D.E. 43.)  As a result, the parties have now fully briefed the issue of whether this Court should adopt or reject Judge Hammer's R&R.  (D.E. 45, 47); and

---

[1] The ADS "is a District of New Jersey service that may be used by self-represented litigants without CM/ECF privileges for filing a new civil case or for filing documents in existing civil, criminal or miscellaneous cases, as an alternative to mailing or bringing the documents to the courthouse."  United States District Court of New Jersey, https://www.njd.uscourts.gov/content/ads-webform (last accessed June 25, 2026).

**WHEREAS** district courts may refer dispositive and non-dispositive motions to magistrate judges.  28 U.S.C. § 636; *Equal Emp. Opportunity Comm'n v. City of Long Branch*, 866 F.3d 93, 98 (3d Cir. 2017).  Within fourteen days of being served with the magistrate judge's report or recommendation, any party may object.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2); L. Civ. R. 72.1(c)(2).  Then, the district judge reviews "*de novo* any part of the magistrate judge's disposition that has been properly objected to."  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3); and

**WHEREAS** having reviewed the parties' submissions, this Court vacates its June 9, 2026 Order.  Notwithstanding Plaintiff's objections, after reviewing the R&R *de novo*, this Court once again adopts Judge Hammer's R&R as the conclusions of law of this Court.  The arguments presented in Plaintiff's objection do not merit rejecting Judge Hammer's R&R.  Plaintiff's arguments lack support in law or cite law that is inapposite to the claims.[2]  Plaintiff misconstrues the conclusion that § 301 completely pre-empts the case as an adjudication on the merits of his theory of the case that the parties never entered into a valid labor agreement to begin with.  While it is true that this Court may be called upon to determine whether the parties entered a valid and enforceable contract, that was not the issue before Judge Hammer; and

**WHEREAS** this Court construes Plaintiff's Motion to Remand as a facial attack on subject matter jurisdiction.[3]  Even taking the facts in Plaintiff's Amended Complaint as true, it stands that

---

[2] For example, Plaintiff repeatedly points this Court to *Granite Rock Co. v. International Brotherhood of Teamsters*, 561 U.S. 287 (2010), to bolster his argument that this Court's first analytical step is to "perform a gateway inquiry into whether a valid contract exists at all." (D.E. 44 at 8.) Yet *Granite Rock* is inapposite as it dealt with the question of whether the district court or an arbitrator could decide whether the parties' dispute was arbitrable and thus invoked a particular legal framework.  561 U.S. at 292, 297.

[3] Challenges to subject matter jurisdiction can fall into one of two categories:  facial or factual attacks.  A facial attack "challenges subject matter jurisdiction without disputing the facts alleged in the complaint." *Davis v. Wells Fargo*, 824 F.3d 333, 346 (3d Cir. 2016).  A factual challenge "attacks the factual allegations underlying the complaint's assertion of jurisdiction, either through the filing of an answer or 'otherwise

because the obligation to pay the $30,585.14 arose out of the CBA, the R&R properly concluded

§ 301 pre-emption is applicable. *See Davis*, 824 F.3d at 346 (stating that when faced with a facial

attack, a court must consider the complaint's allegations as true); *Lingle v. Norge Div. of Magic*

*Chef, Inc.*, 486 U.S. 399, 405–06 (1988) ("[I]f resolution of a state-law claim depends upon the

meaning of a collective-bargaining agreement, the application of state law . . . is pre-empted and

federal labor-law principles . . . must be employed to resolve the dispute."); therefore

IT IS on this 8th day of July 2026,

ORDERED that Judge Hammer's R&R is ADOPTED as the conclusions of law of this

Court, and it is further

ORDERED that Plaintiff's Motion to Vacate is DENIED.

SO ORDERED.

_____/s/ Susan D. Wigenton_____
**SUSAN D. WIGENTON, U.S.D.J.**

Orig:  Clerk
cc:    Parties
       Michael A. Hammer, U.S.M.J.

---

present[ing] competing facts.'" *Id.* (alteration in original) (quoting *Const. Party of Pa. v. Aichele*, 757 F.3d 347, 358 (3d Cir. 2014)).

4